UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT PEREZ, § | | |
|     Petitioner § | | |
| § | | |
| v. § | Civil No. 2:09-119 | |
| § | | |
| NATHANIEL QUARTERMAN, § | | |
|     Respondent § | | |

## ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

In 2006, *pro se* Petitioner Robert Perez was convicted of possession with intent to deliver more than 400 grams of cocaine in Nueces County, Texas. He received a 50 year sentence and is currently incarcerated at the Coffield Unit in Tennessee Colony, Texas. In the instant federal petition for a writ of habeas corpus, Petitioner claims his constitutional rights were violated in a number ways during the trial and appellate process. Pending before the Court is Respondent's motion for summary judgment. *See* D.E. 27. The United States Magistrate Judge recommends the Court grant Respondent's motion and dismiss the petition because (1) Petitioner has failed to exhaust his state court remedies for the majority of his claims, and (2) Petitioner's claims, both exhausted and unexhausted, have no merit. *See* D.E. 50.

The Court has reviewed the parties' pleadings, the state court records, and the Magistrate Judge's memorandum. Construing Petitioner's claims liberally, the Court finds Petitioner has properly exhausted his state court remedies for the following two claims presented in his federal writ *only*[1]:

---

[1] In Petitioner's direct appeal of his conviction and properly filed state writ, Petitioner claimed that the evidence introduced at his trial was factually and legally insufficient to support his conviction and

> 1. Trial counsel failed to be effective in that defense counsel failed to investigate or prepare for trial in respect to simply reviewing the state's records to reveal the discrepancies in the weight of the evidence [i.e. the cocaine].[2]
>
> 2. The prosecutor engaged in misconduct when the state's attorney failed to notify petitioner of the tainted evidence that would have been favorable to his defense.[3]

Petitioner objects the Magistrate Judge's finding that his ineffective assistance of counsel claim is not supported by the record. *See* D.E. 53. Citing to *Brewster v. Dretke*, 587 F.3d 764 (5th Cir. 2009), Petitioner contends his claim is supported by the record when "construed liberally." He cites to a portion of the trial transcript that involves an exchange between Petitioner's trial counsel, Mark Woerner, and the trial court about gaps in the chain of custody of the cocaine. Mr. Woerner specifically objects to the admission of the cocaine on the grounds that there "may be no chain of custody" and continues, "[T]his of course, was news to me. I didn't have this information, otherwise I would have failed a motion to suppress..." The trial court denied Mr. Woerner's objection and allowed the evidence to be admitted, ruling that the questions about the chain of custody go the weight given to the evidence and not its admissibility. Mr. Woerner then moved for a directed verdict, based in part on the testimony regarding the chain of custody, which was also denied by the trial court.

---

that the punishment imposed by the trial court at sentencing was disproportionate to the seriousness of the alleged offense in violation of the Eighth and Fourteenth Amendments of the United States Constitution. The Thirteenth Court of Appeals and the Texas Court of Criminal Appeals denied these claims on their merits. Although the Court finds Petitioner has properly exhausted his state court remedies for these claims, Petitioner does not raise or brief those claims in his federal writ now pending before this Court. As such, the Court will not address the merits of those claims.

[2] In his state writ of habeas corpus properly filed in the Texas Court of Criminal Appeals, Petitioner states: "[C]ounsel was ineffective in not doing any pre-trial investigation into the Chain of Custody in Applicants trial."

[3] In his state writ of habeas corpus properly filed in the Texas Court of Criminal Appeals, Petitioner states: "[T]he Prosecution withheld evidence" and "[T]he trial court erred in [withholding] exculpatory evidence."

Citing to *Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984), Petitioner contends Mr. Woerner's dialogue with the trial court is evidence that his "trial counsel failed to conduct pretrial investigations of the chain [of] custody pertaining to the cocaine, and further failed to investigate the cocaine." The Court finds Petitioner's objection has no merit.

While Mr. Woerner's statements may show that he was surprised, his statements do not necessarily demonstrate that he failed to properly investigate the chain of custody or cocaine weight discrepancies. Moreover, an error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error has no effect on the judgment. *Strickland,* 466 U.S. at 691. Even if Petitioner could demonstrate, which the Court finds he cannot, that Mr. Woerner failed to properly investigate the chain of custody, Petitioner does not explain, argue, or otherwise demonstrate to this Court how Mr. Woerner's alleged failure significantly prejudiced the outcome of Petitioner's trial. As explained by the Magistrate Judge in her memorandum, Mr. Woerner twice objected to the admission of the cocaine based on the gaps in the chain of custody. Plaintiff does not plead or argue that the trial court would have made a different evidentiary ruling or excluded the cocaine from evidence had Mr. Woerner more thoroughly investigated the issue. Petitioner's objection is overruled.

Petitioner also objects that the Magistrate Judge did not address his claim that the prosecutor failed to notify him about the change in the weight of cocaine. Petitioner argues the prosecutor's conduct, when liberally construed, "equates to a failure to disclose or a *Brady v. Maryland* claim." While the Court agrees the Magistrate Judge did not address this claim in her memorandum, the Court nevertheless finds Petitioner's claim has no merit. As set forth in Respondent's motion for summary judgment, the Court finds Petitioner's prosecutorial misconduct claim is conclusory.

Petitioner pleads no specific facts to support this claim. Mere conclusory statements do not raise a constitutional issue in a habeas case. *Schlang v. Heard*, 691 F.2d 796, 798 (5th Cir. 1982). Petitioner's objection is overruled.

Lastly, the Texas Court of Criminal Appeals ("TCCA"), based on the findings of the trial court, has already denied Petitioner's claims. Under Texas law, the denial of relief by the Court of Criminal Appeals serves as a denial on the merits. *McCall v. Dretke*, 390 F.3d 358, 363 (5th Cir. 2004) (citing *Barrientes v. Johnson*, 221 F.3d 741, 779-80 (5th Cir. 2000) (*quoting Ex Parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim...")). Because the TCCA *denied* Petitioner's application, this Court must consider Petitioner's claims as having been adjudicated on the merits. *McCall*, 390 F.3d at 363.

The Court finds Petitioner, with respect to these two claims, has failed to demonstrate that he is entitled to relief under 28 U.S.C. §2254(d). Petitioner has not demonstrated to this Court that the TCCA's decision to deny him relief was contrary to, or involved an unreasonable application of, clearly established Federal law, nor has he demonstrated that the TCCA's adjudication of his claims resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. Petitioner's claims are therefore DISMISSED.

The Court adopts the findings and conclusions of the Magistrate Judge that Petitioner did not properly exhaust his state court remedies for the remaining claims presented in his federal writ. Because Petitioner did not do so, the Court will not consider the merits of those claims. Petitioner's remaining claims are therefore DISMISSED.

Respondent's motion for summary judgment is GRANTED (D.E. 27). Petitioner's petition for habeas corpus relief is DISMISSED with prejudice (D.E. 1). Should Petitioner seek a Certificate of Appealability, it is DENIED.

ORDERED September 23, 2010.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE